**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS DOUGLAS DAVIS,**

                        **Plaintiff,**

    vs.                                              **9:16-cv-994**
                                                          **(MAD/DJS)**

**JOE DOE CORRECTIONAL OFFICER,** *c/o State of New York,* **SGT. WOODRUFF,** *Correctional Officer c/o State of New York,* and **R. LIVINGSTON,** *Correction Officer,*

                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**DENNIS DOUGLAS DAVIS**
**16-A-1016**
Sullivan Correctional Facility
Box 118
Fallsburg, New York 12733
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**      **CHRISTOPHER J. HUMMEL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On June 28, 2016, Plaintiff *pro se* Dennis Douglas Davis ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action against Defendants Sgt. Woodruff, R. Livingston, and Joe Doe (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, asserting claims arising

out of his incarceration at Great Meadow Correctional Facility.  *See* Dkt. No. 2.[1]

On August 16, 2017, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies.  *See* Dkt. No. 35-6 at 5.  In a December 29, 2017 Report-Recommendation and Order, Magistrate Judge Stewart recommended granting Defendants' motion for summary judgment.  *See* Dkt. No. 41.  Magistrate Judge Stewart found that Plaintiff admitted that he did not file an administrative grievance and Plaintiff's explanations did not excuse him from the exhaustion requirement.  *See* Dkt. No. 41 at 5-6, 8-10.

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections.  *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008).  When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error.  *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

On January 10, 2018, Plaintiff filed objections to Magistrate Judge Stewart's Report-Recommendation and Order.  *See* Dkt. No. 43.  However, Plaintiff's sole objection went to the merits of his claims without contesting Magistrate Judge Stewart's exhaustion determination.  *See id.* at 2-3.  As such, Plaintiff has made no specific objections.

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law."  *Chambers v. TRM Copy Ctrs. Corp.*,

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted).

Having reviewed Magistrate Judge Stewart's December 29, 2017, Report-Recommendation and Order, the record, and the applicable law, the Court concludes that Magistrate Judge Stewart correctly recommended that the Court should grant Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 41) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 35) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge